UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEVIN WELCH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 13-CV-2235 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On October 15, 2013, Petitioner, Devin Welch, filed a pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Petitioner also filed a Memorandum in Support (#3) and raised two grounds for relief. On December 16, 2013, the Government filed its Response (#5). The Government argued that Petitioner's Motion must be dismissed because it is a second or successive Motion under § 2255 and this court lacks jurisdiction to decide it. On January 7, 2014, Petitioner filed his Opposition (#6) to the Government's Response. After careful consideration, this court agrees with the Government that Petitioner's Motion (#1) must be dismissed for lack of jurisdiction.

BACKGROUND

On September 8, 2005, in Case No. 05-CR-20038, Petitioner was charged by indictment with the offense of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On November 16, 2005, Petitioner pleaded guilty to the charge without any agreements with the Government. A Presentence Report (PSR) was prepared which stated that Petitioner was an Armed Career Criminal (ACC) under the provisions of 18 U.S.C. § 924(e) because he had prior convictions of attempted armed robbery (committed

as a juvenile), aggravated fleeing, and two aggravated batteries. The PSR stated that, based upon the applicable provisions of the United States Sentencing Guidelines and giving Petitioner credit for acceptance of responsibility, Petitioner had a base offense level of 30. The PSR also stated that Petitioner had 18 criminal history points, placing him in Criminal History Category VI.

Sentencing hearings were held in this case in August 2006. Petitioner raised several objections to the PSR, including challenging his classification as an ACC. Petitioner specifically claimed that his juvenile armed robbery conviction and his aggravated fleeing conviction were not qualifying "violent felonies" under the Armed Career Criminal Act. Petitioner did not challenge that one of his aggravated battery convictions was a qualifying felony, and the Government withdrew its reliance on the second aggravated battery conviction. This court overruled Petitioner's objections and found Petitioner was an ACC because he possessed three qualifying convictions. On August 31, 2006, this court determined that Petitioner's sentencing guidelines range was 180 to 210 months, and sentenced Petitioner to a term of 180 months, the bottom of the range and the required mandatory minimum sentence.

Petitioner filed a Notice of Appeal. On February 21, 2007, the Seventh Circuit Court of Appeals entered an Order which summarily affirmed the judgment of this court.

On February 25, 2008, Petitioner filed a Motion under 28 U.S.C. § 2255 in Case No. 08-CV-2051. Petitioner argued that this court improperly delegated authority to the Probation Office with regard to the number and range of drug tests to which Petitioner would be subject to during supervised release and that defense counsel was ineffective for failing

to raise this issue at sentencing. Petitioner also claimed that he was improperly classified as an ACC, again arguing that his juvenile armed robbery and aggravated fleeing convictions were not qualifying convictions and that his attorney had been constitutionally ineffective. Petitioner claimed that his counsel was ineffective in failing to challenge the characterization of those offenses and that his appellate counsel was ineffective in failing to challenge on direct appeal the finding that he qualified as an ACC.

In its Response, the Government argued that Petitioner was properly classified as an ACC but conceded that the responsibility for determining the number or range of drugs tests to which a defendant must submit falls to the district court and cannot be delegated to the probation office. On July 21, 2008, this court entered an Opinion. This court rejected Petitioner's claims regarding his status as an ACC. This court granted Petitioner's Motion "solely to the extent that his sentence is vacated regarding the improper delegation to the probation office of the drug-testing requirements that were a condition of his release." This court therefore ordered "that the judgment entered in Case No. 05-CR-20038 is corrected so that the word 'testing' in the second sentence of Special Conditions of Supervision #2 is replaced with 'not more than six tests per month.'" This court stated that Petitioner's Motion was denied in all other respects. An amended judgment was entered in Petitioner's criminal case on July 24, 2008.

Petitioner appealed from the denial of his Motion under § 2255 and raised two issues: (1) whether his aggravated fleeing conviction qualified as a "violent felony" within the meaning of the Armed Career Criminal Act; and (2) whether his juvenile armed robbery conviction could be used to enhance his sentence because it was not obtained by a jury trial.

In a lengthy Opinion, the Seventh Circuit rejected Petitioner's arguments and affirmed this court's judgment. *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), *cert. denied* 131 S. Ct. 3019 (2011).

## ANALYSIS

On October 15, 2013, Petitioner filed a Motion under 28 U.S.C. § 2255 (#1) in this case. On December 16, 2013, the Government filed its Response (#5) and argued that Petitioner's Motion must be dismissed because it is a second or successive Motion under § 2255 and this court therefore lacks jurisdiction. This court agrees.

Petitioner's Motion, brought pursuant to § 2255, "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Carraway*, 478 F.3d at 849; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013), *cert. denied 133 S. Ct. 2239, citing Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). In this case, the Government is correct that the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255.

Petitioner has argued, in his Memorandum (#3) and in his Opposition to the

Government's Response (#6), that his Motion should not be considered a second or successive Motion under § 2255 because this court granted his first Motion, in part. Petitioner argues that he is raising claims which were not ripe until he was resentenced following his partially successful Motion under § 2255. This court does not agree.

The Seventh Circuit has noted that not all subsequent motions "are 'second or successive' within the meaning of the statutes, for the phrase is a term of art in the technical world of habeas procedure." *Suggs*, 705 F.3d at 282. In *Suggs*, the court noted that the Seventh Circuit has "held that such motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction." *Suggs*, 705 F.3d at 282; *see also White v. United States*, 2013 WL 5323536, at *2 (C.D. Ill. 2013). The court noted, however, that in *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010), the United States Supreme Court treated a petitioner's "resentencing as a new, intervening, judgment" and "held that his new petition challenged the intervening judgment and therefore was not 'second or successive.'" *Suggs*, 705 F.3d at 284, *citing Magwood*, 130 S. Ct. at 2797-2801. After carefully analyzing the decision in *Magwood*, the Seventh Circuit determined that "where a petitioner does not claim that any errors, new or repeated, occurred in the resentencing, and only claims errors made in the underlying conviction, such a petition is a second or successive petition." *White*, 2013 WL 5323536, at *2, *citing Suggs*, 705 F.3d at 284-85. The court made clear that *Magwood* applied only to cases in which there had been a "new" or "intervening" judgment following a successful habeas petition. *Suggs*, 705 F.3d at 284; *White*, 2013 WL 5323536, at *3.

In this case, Petitioner was successful on one narrow issue raised in his first Motion under § 2255. This court therefore modified one sentence in the judgment of conviction, related to drug testing after Petitioner is released from the Federal Bureau of Prisons and is on supervised release. No resentencing hearing was held and no other part of Petitioner's sentence was affected by this ruling. Petitioner has made much of the fact that he was not given the opportunity to appeal from this ruling, but it is clear that there was nothing to appeal. This court concludes that this court's slight modification of Petitioner's sentence did not constitute a "new" or "intervening" judgment. *See White*, 2013 WL 5323536, at *4. It is clear that Petitioner's current Motion under § 2255 does not attack anything related to the modification in his sentence and only raises issues related to his underlying conviction and the sentence imposed.[1] Therefore, Petitioner's current Motion under § 2255 is a second or successive motion under § 2255 filed without the prior certification of the Seventh Circuit Court of Appeals and must be dismissed for lack of jurisdiction. *See Suggs*, 705 F.3d at 285; *White*, 2013 WL 5323536, at *4.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,"

---

[1] The issues Petitioner has raised in his current § 2255 Motion, while stated in terms of exceeding the statutory maximum for his offense and violations of his right to counsel, basically raise the issue of whether he should have been found to be an ACC based upon his prior convictions.

which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence (#1) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this   5th   day of        March       , 2014.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE